IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01722-WYD

RANDY CROSBY,
ROBERT ESPINOZA,
JAMIE MARQUEZ,
MARY JAMES,
JOY SHOLTS,
ROCHELLE DURAN,
JUAN GONZALES,
SANDRA LESHER-THOMAS,
TERESA HILL and
ROBERT J. STEELE,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY and
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on a review of the Notice of Removal by Defendants filed August 13, 2008. By way of background, this case arises from automobile accidents in which Plaintiffs allegedly received physical injuries entitling them to benefits under the Colorado Auto Accident Reparations Act. Plaintiffs contend that Defendants failed to offer them enhanced Personal Injury Protection ("PIP") benefits as required by C.R.S. § 10-4-710, and failed to affirmatively notify them of the availability of enhanced PIP benefits after they suffered their injuries.

Defendants' Notice of Removal asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). Defendants assert therein that the amount in controversy requirement is satisfied. Further, Defendants assert that Plaintiffs are residents of the State of Colorado and Defendants are residents of the State of Wisconsin. Thus, they contend that complete diversity of citizenship exists in this case.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id*. The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, I turn to the notice of removal. The notice of removal fails to allege any specific amount of damages. While it refers to allegations in the Complaint regarding the fact that certain Plaintiffs had to pay for additional medical expenses (over

and above what they were originally paid in basic PIP benefits), the Complaint does not state what the amount of those medical expenses were. Thus, there is no way to determine whether those expenses would satisfy the jurisdictional amount. *See, e.g.*, Compl., ¶¶ 42-44.

The Notice of Removal also refers to the fact that Plaintiffs are seeking treble the amount of PIP benefits not paid under C.R.S. § 10-4-708, plus 18% interest on untimely paid benefits. Defendants assert that while not capable of a precise calculation at this phase of the proceeding, this component of damages must be factored into evaluating the amount sought by plaintiffs. Further, the Notice of Removal states that Plaintiffs seek an award of attorney fees under § 10-4-708, that Plaintiffs are asserting a variety of tort claims wherein they can recover economic and noneconomic damages, and that Plaintiffs have asserted a claim under the Colorado Consumer Protection Act wherein they seek treble damages plus attorney fees. Defendants argue that these must also be factored into the damages amount.

Defendants conclude that "the allegations of plaintiffs' tort claims, when combined with the statutory damages sought under § 10-4-708, C.R.S. (2002), establish that plaintiffs are seeking more than $75,000." (Notice of Removal, ¶ 14.) Finally, the Notice of Removal references the civil cover sheet filed in state court contemporaneously with the complaint which represents that the plaintiffs are seeking a monetary judgment for more than $100,000.00, exclusive of interest and costs.

I find that the Notice of Removal's vague statements in connection with the amount in controversy and the reference therein to the civil cover sheet filed in state

court are not sufficient to establish that the jurisdictional amount is satisfied. The amount in controversy has not been affirmatively established on the face of either the Complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1). Further, as to reliance on the civil cover sheet, a number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.*, Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

In finding that Defendants have not established the jurisdictional amount, I am guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction. Accordingly, it appears that the Court lacks subject matter jurisdiction over this action and I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is therefore

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of Denver, State of Colorado, from which the case was removed.

Dated: August 15, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge